

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
FEB 1 3 2008
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RANCHERS CATTLEMEN ACTION LEGAL FUND; UNITED STOCKGROWERS OF AMERICA; HERMAN R. SCHUMACHER; ROBERT P. MACK; ERNIE J. MERTZ; WAYNE J. NELSON; SOUTH DAKOTA STOCKGROWERS ASSOCIATION; CENTER FOR FOOD SAFETY; CONSUMER FEDERATION OF AMERICA; CREUTZFELDT-JAKOB DISEASE FOUNDATION, INC.; FOOD & WATER WATCH; and PUBLIC CITIZEN, | * | CIV 07-1023 |
| Plaintiffs, | * | |
| vs. | * | ORDER DENYING MOTION TO INTERVENE |
| UNITED STATES DEPARTMENT OF AGRICULTURE; ANIMAL AND PLANT HEALTH INSPECTION SERVICE; CHARLES F. CONNER, in his capacity as the Acting Secretary of Agriculture, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a Motion to Intervene filed by the Canadian Cattlemen's Association ("CCA"). (Doc. 31.) Defendants resist the motion. (Doc. 62.)

This is an action for judicial review, under the Administrative Procedure Act, of an agency rule issued in September 2007, which went into effect on November 19, 2007. Plaintiffs in this case sued the United States Department of Agriculture ("USDA"), seeking a preliminary injunction barring implementation of a final rule allowing resumption of importation of Canadian cattle 30

months of age and older and edible bovine products for such cattle.[1] The final rule is referred to as the "OTM Rule," meaning "over thirty months." Plaintiffs allege that Canadian cattle in that age group are the ones most likely to have infectious levels of Bovine Spongiform Encephalopathy ("BSE"), also known as "mad cow disease." Eating meat products contaminated with the agent for BSE is believed to cause variant Creutzfeldt-Jakob Disease ("vCJD") in humans, a degenerative, fatal neurological disease for which there is no known cure.

The CCA, a national organization representing the interests of Canada's nearly 90,000 beef producers, opposes Plaintiffs' challenge to the OTM Rule. The CCA seeks to intervene as defendants in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure in order to protect the livelihood of "the men and women who raise Canadian cattle." CCA asserts that it should be allowed to intervene either pursuant to Rule 24(a), which governs intervention as of right, or pursuant to Rule 24(b), which establishes standards for permissive intervention.

A.   **Intervention as of Right**

Rule 24(a) provides for intervention as of right as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In *United States v. Union Electric Co.*, 64 F.3d 1152 (8th Cir. 1995), the Court discussed the factors applicable to intervention as of right under Rule 24(a). The first factor, timeliness, is met in the present case as Defendants concede the motion to intervene is timely. The second factor is whether "a statute of the United States confers an unconditional right to intervene." There is no such

---

[1] Since 2005, cattle could be imported from Canada, but only for slaughter before 30 months of age, and beef could be imported only if obtained from Canadian cattle that were under 30 months of age at slaughter, under the USDA's "Minimal-Risk Region" Rule.

right conferred on CCA by federal statute and no party asserts that such a right exists. "Absent a federal statute conferring an unconditional right to intervene, a party's right to intervention under Rule 24(a) is subject to the analysis determined by subsection (2)." *Id.* at 1160, n.3, *quoting Harris v. Reeves*, 946 F.2d 214, 222 & n.10 (3d Cir. 1991).

> An applicant for intervention under Rule 24(a)(2) must satisfy a tripartite test:
> (1) the party must have a recognized interest in the subject matter of the litigation; (2) that interest must be one that might be impaired by the disposition of the litigation; (3) the interest must not be adequately protected by the existing parties.

*Union Electric*, 64 F.3d at 1160. The Court will apply this test to CCA.

1. <u>Recognized Interest.</u>

    The Eighth Circuit has defined an interest sufficient to support intervention as follows:

    > The applicant for intervention must have an interest in the subject matter of the litigation, i.e., an interest that is 'direct,' as opposed to tangential or collateral. Furthermore, that interest must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'

*Union Electric*, 64 F.3d at 1161. A party must show more than an economic interest. *See Curry v. Regents of the University of Minnesota*, 167 F.3d 420, 422-23 (8th Cir. 1999) (mere economic interest of student organizations funded by mandatory fees held insufficient to support intervention in suit challenging constitutionality of such fees). The non-economic interests asserted by CCA are: avoiding harm "to the reputation of CCA's products - - cattle and beef - - as well as to CCA's interest in U.S. observance of international obligations with respect to nondiscriminatory beef and cattle trade with Canada." These, however, are business interests in avoiding economic pressures that would be created if the OTM Rule is enjoined. Harm to one's business reputation and trading all relate to CCA's members' economic interest in having additional markets for the products they sell. Various treaty obligations are also urged as a basis for intervention. CCA's interest in those treaty obligations is once again an economic interest. These are not "legally protectable" interests that require intervention as of right.

3

2.      <u>Impairment of the Interest.</u>

The second prong of the test for intervention under Rule 24(a)(2) is whether the interest of the applicant for intervention is one that might be impaired by the disposition of the litigation. CCA's economic interests would be impaired by an injunction against the OTM Rule. The Court has ruled, however, that CCA's economic interests are not enough to support intervention.

3.      <u>Inadequate Representation by Existing Party.</u>

The third requirement for intervention under Rule 24(a)(2) is that the interest will not be adequately protected by the existing parties. The Eighth Circuit has stated that "[t]ypically, persons seeking intervention need only carry a 'minimal' burden of showing that their interests are inadequately represented by the existing parties." *Union Electric*, 64 F.3d at 1168. CCA acknowledges that Defendants share CCA's interest in upholding the OTM Rule. CCA argues, however, that Defendants might alter the timing or manner of implementing the OTM Rule and CCA will not have a say in those alterations. Defendants have as great an incentive to safeguard the OTM Rule from Plaintiffs' challenge as does CCA, and it is speculation to suppose that Defendants' interests will diverge from CCA's interests at some time in the future. The motion to intervene as of right must be denied. The denial will be without prejudice to CCA's right to renew the motion in the event Defendants do not vigorously litigate the case. CCA also urges that the 2007 Final Rule does not go far enough as ti still precludes the importation of cattle born before March 1, 1999. That is a different claim that once again is an economic interest of CCA that it could attempt to pursue separately but not in this litigation. That claim will not be added to this litigation so, insofar as this litigation goes, the interests of CCA and the Defendants in defending the 2007 Final Rule are the same. There is no showing of inadequate representation by the existing parties.

**B.     Permissive Intervention**

Permissive intervention is governed by Rule 24(b) of the Federal Rules of Civil Procedure. It provides, in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the

4

intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). Whether to grant permissive intervention pursuant to Rule 24(b)(2) is wholly within the court's discretion. *See South Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787 (8th Cir.2003). A court properly grants permissive intervention where (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the movant's claim or defense and the main action share common questions of law or fact. Fed. R. Civ. P. 24(b). *Union Electric*, 64 F.3d at 1170 n. 9. But the "principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *South Dakota ex rel Barnett*, 317 F.3d at 787. The first three factors listed above are not at issue in this case. Defendants do not dispute that the motion is timely, there is an independent showing of jurisdiction, and CCA's claims and the main action share common questions of law or fact. Thus, the Court must decide whether the intervention will unduly prejudice the adjudication of the rights of the original parties. Defendants assert that CCA's participation in this lawsuit would do little more than complicate and unnecessarily prolong the litigation to the detriment of the existing parties. The Court agrees. This case is to be decided on the basis of the administrative record. The Defendants are in the best position to defend that record and CCA cannot supplement the record. Any additional arguments CCA wants the Court to consider may be submitted by a brief amicus curiae. Accordingly,

IT IS ORDERED:

1. That Canadian Cattlemen's Association's Motion to Intervene, doc. 31, is denied without prejudice.

2. That Canadian Cattlemen's Association Opposition to Plaintiffs' Motion for Preliminary Injunction, doc. 34-4, shall be filed by the Clerk of Court as a brief amicus curiae.

Dated this 13th day of February, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Shelly Margulies
    DEPUTY